No. DA 06-0603

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 145N

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

CATHY ANN JOHNSON,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, Cause No. DC 06-124A,
The Honorable Holly B. Brown, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

            Hillary S. Prugh, Angel, Coil & Bartlett, Bozeman, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Tammy K. Plubell, Assistant
Attorney General, Helena, Montana

            Marty Lambert, Gallatin County Attorney; Matthew Lowy, Deputy
County Attorney, Bozeman, Montana

_____

Submitted on Briefs:  May 31, 2007

Decided:  June 12, 2007

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The State charged Cathy Ann Johnson (Johnson) with DUI following her arrest by Gallatin County sheriff's deputy Jason Hoppert. Johnson filed a motion to suppress the evidence obtained by Deputy Hoppert following the stop of her vehicle based upon a lack of particularized suspicion to support the stop. The District Court held a hearing on Johnson's motion and entered the following findings of fact established at the hearing.

¶3 Deputy Hoppert was patrolling on Valley Center Road in Gallatin County at approximately 9:00 p.m. on November 23, 2005. Deputy Hoppert traveled east on Valley Center Road when he encountered Johnson who was traveling west. Deputy Hoppert testified that Johnson was driving with her left wheels across the center line and into his driving lane. Deputy Hoppert testified that he felt he had to move his car away from the center of the lane to get out of Johnson's way. Deputy Hoppert allowed Johnson to pass before executing a u-turn to follow her. Deputy Hoppert activated his dashboard video camera at that time.

¶4 Deputy Hoppert observed Johnson driving with her left wheels over the center line. Johnson continued to drive with her left wheels over the center line when the center

2

line was marked as a solid no-passing zone. Deputy Hoppert testified that Johnson's left wheels remained over the center line when she came to a stop at an intersection with Jackrabbit Lane. He further testified that Johnson stopped beyond the "stop line" at the intersection. Deputy Hoppert further testified that Johnson turned "real wide" when she made a left turn onto Jackrabbit Lane. Deputy Hoppert further testified that Johnson drove with her right wheels over the fog line on Jackrabbit Lane for some distance. Deputy Hoppert stopped Johnson's vehicle at that point to investigate a possible driving under the influence.

¶5      The District Court denied Johnson's motion to suppress. Johnson appeals. Johnson argues on appeal that particularized suspicion requires an examination of the totality of the circumstances and in the absence of erratic driving, a traffic violation must occur. She argues that she committed no traffic violations as evidenced by the fact that Deputy Hoppert did not cite her for any offense besides the DUI. Johnson argues that the rutted condition of Valley Center Road, the narrow shoulder, and the steep barrow pit on the right side all justified her actions in driving close to the center line.

¶6      We review a District Court's denial of a motion to suppress based upon a finding of particularized suspicion to determine whether the lower court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Waite*, 2006 MT 216, ¶ 9, 333 Mont. 365, ¶ 9, 143 P.3d 116, ¶ 9.

¶7      We have determined to decide this case pursuant to Section I, Paragraph 3(d)(v), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial

3

evidence supports the District Court's findings of fact. It is also manifest on the face of the briefs and record before us that settled Montana law clearly controls the legal issues and the District Court correctly interpreted the law.

¶8     We affirm the order of the District Court.


                                              /S/ BRIAN MORRIS


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE